United States District Court
Southern District of Texas
**ENTERED**
May 03, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., | |
| Plaintiff, | |
| - vs - | CASE NO.: 4:21-cv-00051 |
| RUBEN LUA, *et al.,* | |
| Defendant. | |

## FINAL DEFAULT JUDGMENT

Upon consideration of Plaintiff, Joe Hand Promotions, Inc.'s Motion for Final Default Judgment ("Motion"), the accompanying Supporting Brief thereof, the evidence, the pleadings on file, and the relevant authorities, the Court concludes that Plaintiff has established that it is an aggrieved party under the Federal Communications Act and recognizes Plaintiff's election to seek statutory damages under 47 U.S.C. § 605.

The Court also concludes that it has jurisdiction over the subject matter and parties to this action; that Defendant, Ruben Lua, a/k/a Ruben Lua-Ayala, d/b/a Habanero Mexican Grill, and d/b/a Habanero Mexican Grill & Paleteria ("Defendant") failed to answer or otherwise defend as provided by the Federal Rules of Civil Procedure following proper service; that the allegations in Plaintiff's Complaint are deemed admitted against Defendant; that Defendant exhibited the broadcast of *Ultimate Fighting Championship® 229: Khabib vs. McGregor*, including all undercard bouts and the entire television broadcast, telecast nationwide on October 6, 2018 (the "Program") without

1

authorization from Plaintiff; and that Defendant's actions were willful and for purposes of direct or indirect commercial advantage or private financial gain. Therefore, additional damages are warranted in this action.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, as follows:

1. Judgment by default is hereby entered in favor of Plaintiff, JOE HAND PROMOTIONS, INC. and against Defendant, RUBEN LUA, a/k/a RUBEN LUA-AYALA, d/b/a HABANERO MEXICAN GRILL, and d/b/a HABANERO MEXICAN GRILL & PALETERIA.

2. Plaintiff hereby recovers statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) from Defendant in the amount of $10,000.00.

3. Plaintiff hereby recovers additional damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii) from Defendant in the amount of $30,000.00.

4. Plaintiff hereby recovers reasonable attorney's fees from Defendant in the amount of $2,475.00.

5. Plaintiff hereby recovers reasonable attorney's fees from Defendant for post-trial and appellate services [but only] in the event of the need for post-trial and appellate services [in which Defendant appeals and Plaintiff prevails in that appeal,] as follows: [CRE]

   a. $2,500.00 for collection of the judgment in the event that Plaintiff obtains a writ of execution, writ of garnishment, writ of attachment, or other process;

   b. $5,000.00 in the event that Defendant files a post-judgment motion or pre-appeal motion that does not result in a reversal of the judgment; and

   c. $15,000.00 in the event that Defendant files an appeal with the Court of Appeals for the 5th Circuit that does not result in a reversal of the judgment.

6. Plaintiff hereby recovers costs from Defendant in the amount of $497.00.

7. The Court also awards to Plaintiff post-judgment interest from Defendant on the amounts awarded herein at ~~an annual rate of~~ the applicable federal rate CRE ~~____~~ from the date of this judgment until paid. See 28 USC § 1961. CRE

8. All writs and process for the enforcement and collection of this judgment may issue as necessary. In connection with any writ of execution in this case, the Court directs the United States Marshals Service to use any means or force reasonably necessary to satisfy this judgment.

9. This is a final judgment.

SO ORDERED.

SIGNED this 2nd day of May, 2022 ~~2021~~ in Houston, Texas.

_____
CHARLES ESKRIDGE
UNITED STATES DISTRICT JUDGE

3